DICKSON, Justice,
concurring.
I agree with the Court's conclusion that the present language of the Indiana Financial Responsibility Act does not "make a self-insurer a quasi-insurance carrier and require it to indemnify a permissive user," opin. at 184, and that permissive users are not the "insureds" of self-insurers, opin. at 187. As a result of today's opinion, it is reasonable to anticipate that self-insured employers providing vehicles for use by an employee or an employee's designee will likely issue advisements including warnings of the minimum coverage limits provided by self-insured employers and the risks of a permissive user's personal liability to indemnify or reimburse any liability payments made by the self-insurer to persons injured by the negligence of the permissive user. Thus understood and applied, however, the statute may present substantial issues that invite legislative attention, or, if none, common law response.
Principal among these issues is whether, and to what extent, the personal automobile liability insurance of an employee-permissive user provides coverage for damages to injured third parties and for such permissive user's obligation to indemnify or reimburse a self-insured for payments made to the third party. There are various aspects to these issues.
Conventional policy language requires a liability insurance company to pay only damages for which the insured becomes legally responsible because of an auto accident, and disclaims any duty to pay for bodily injury or property damage not covered under the policy. Today's opinion does not explore whether an employee-permissive user's liability to a self-insured employer falls within the "because of an auto accident" restriction so as to qualify for coverage under the employee's personal policy. Likewise, our decision does not address whether a direct full payment of a third party's claim by a self-insured vehicle owner thereby terminates any obligation under the permissive user's standard personal liability insurance coverage, particularly as to such user's obligation to indemnify or reimburse the self-insured employer. And, if the coverage provided by standard policies does not extend to such liability for indemnification or reimbursement, our opinion does not consider whether such coverage is commercially available as an additional endorsement to the personal policies of employees using vehicles provided by a self-insured, or as a separate policy for employee-permissive users who do not own a private vehicle.
Another unresolved issue is the effect of "other insurance" provisions usually contained in the personal automobile liability policies that employee-permissive users would obtain for their own vehicles. Such provisions typically declare the provided coverage to be excess to other collectible insurance or otherwise exclude or limit coverage if there is other applicable liability insurance. But today's opinion declares that self-insureds are not insurance *190 carriers for permissive users and such users are not insureds of their self-insured employers. Thus a possible future question is whether the limits or exclusions provided by "other insurance" clauses are triggered when an employee-permissive user injures a third-party while operating a vehicle owned by a self-insured, whose statutory obligations to the third party we have declared not to be insurance. If payments made by self-insured entities do not qualify under "other insurance" clauses, questions arise whether an employee-permissive user's personal automobile liability insurance company must bear the full burden of damages to a third party if the self-insured entity declines to make payment, and whether the self-insured entity has any obligation to pay damages to a third party that may exceed the limits of coverage provided by the permissive-user's personal liability insurance. In other words, there appears to be a significant question whether today's decision will operate to eliminate any practical likelihood that a self-insured entity will ever have to pay for damages to a third party injured by the negligence of permissive user in the absence of respondeat superior liability.
I am also concerned about other potential ramifications regarding insurance coverage for non-employees (for example, employee spouses) who injure third parties while driving, with permission, a vehicle owned by a self-insured entity. Sound public policy seeks to assure that persons injured by the negligent driving of others will have recourse to recover damages at least to the extent of minimum statutory limits. For all of these, and likely other, related challenges, the present self-insurance provisions in the Indiana Financial Responsibility Act invite careful attention.